Argued May 7, reversed May 26, 1965

# STATE OF OREGON *v.* LARSON
### 402 P. 2d 239

*James A. Pearson* argued the cause and filed the brief for appellant.

No appearance for respondent.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

### PER CURIAM.

The defendant was convicted of burglary not in a dwelling committed on August 4, 1964, and has appealed.

On the morning of August 5, 1964, a printing shop on the outskirts of the city of Eugene was found to have a hole in a window adjacent to the front door and on a level with the doorknob. The hole had not existed and the door had been locked when the business was closed the night before. The door was still locked the next morning. However, it had the kind of lock

which could be opened by turning the knob from the inside and which could be set to lock automatically upon closing the door. Glass was strewn about the inside of the building adjacent the door. There were dried spots of a reddish-brown substance on the floor and smeared near the handle on an open file cabinet drawer. Nothing was missing from the building. There were similar spots on the ground outside the building leading from it to a nearby service station.

Sometime before midnight the evening of August 4 defendant appeared on foot at another service station about 500 feet from the printing shop and asked the attendant if he would start defendant's car. The attendant replied that he could not leave the station and sent a friend who had a car to give defendant's car a push. Defendant's car was on a parking lot in the vicinity of the printing shop. It was started and was driven into the service station where defendant purchased some gasoline. He was observed to have a cut on his left hand and told the attendant that he had been in a fight and that the other fellow had sharp teeth.

At about 11:30 the evening of August 3, the day prior to the claimed burglary, defendant notified the police that he had been assaulted in an alley in downtown Eugene by a man wielding a knife and that he had received a cut on his left hand at about the knuckle. A police officer observed the cut when he interviewed defendant at the scene of the claimed assault.

This is all of the evidence. It is our opinion that it is insufficient to raise any question of defendant's guilt for the trier of the facts.

The judgment is reversed.